**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GILBERTO A. COLON,** | : | |
| **Plaintiff** | : | **No. 1:11-cv-1704** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **ROBERT J. KARNES, <u>et</u> <u>al.</u>,** | : | |
| **Defendants** | : | |

<u>**MEMORANDUM ORDER**</u>

On November 17, 2011, Magistrate Judge Martin Carlson issued a Report and

Recommendation in the above-captioned case, in which he recommended that Plaintiff Gilberto

Colon's complaint (Doc. No. 1) be dismissed with prejudice for failure to comply with court

orders.  (Doc. No. 28.)  On November 22, 2011, the Court received an objection to the Report

and Recommendation from Plaintiff, asking to present new evidence that certain defendants are

not entitled to qualified immunity.  (Doc. No. 29.)  On the same day, the Court received a letter

from Plaintiff, in which he asked the Court to appoint him counsel.  (Doc. No. 29-1.)  Plaintiff

also attached a notice of appeal to his request for counsel.  (Doc. No. 29-2.)  After considering

Plaintiff's objection to the Report and Recommendation, the Court will overrule the objection

and adopt the Report and Recommendation.

**I.     BACKGROUND**

    **A.     Procedural Background**

On September 13, 2011, Plaintiff, proceeding <u>pro</u> <u>se</u>, filed a complaint consisting of

convoluted and nonsensical factual allegations.  (Doc. No. 1.)  Plaintiff's complaint centers

around an investigation into allegations that Plaintiff sexually molested his daughter, and that he

had been set up by his daughter's mother and her fiancee, who have enlisted the help of two

1

organized criminal gangs to assassinate him to prevent him from exposing the truth.  (Id. at 6.)

Earlier in 2011, Plaintiff filed a lawsuit centering around the same theme.  Colon v. Karnes, No.

1:11-cv-890.  Documents attached to the complaint in that case suggested that no such

investigation has ever occurred.

In his complaint, Plaintiff, an inmate at the Lebanon County Correctional Facility, named

the following six defendants: (1) Robert Karnes; (2) Michael Ott; (3) Carrie Everett; (4) Sally

Barry; (5) Greg Cook; and (6) James Newcomer.  First, Plaintiff alleged that Michael Ott

ordered Correctional Officer Rodriguez to relocate him from isolation, placing him into the

disciplinary population, which Plaintiff alleges put him in imminent danger, because of the

"situation with [his] daughter."  (Doc. No. 1 ¶ 1.)  Next, Plaintiff alleged that Counselor Carrie

Everett denied Plaintiff the ability to photocopy his legal papers; denied Plaintiff help with a

"suitable home plan;" and denied Plaintiff access to indigent products.  (Id. ¶ 2.)  Third, Plaintiff

alleges that Robert Karnes is the Warden of the Lebanon County Correctional Facility, and thus

is responsible for the welfare of inmates of the prison.  (Id. ¶ 3.)  Last, Plaintiff alleges that Sally

Barry, Greg Cook, and James Newcomer all denied Plaintiff "a suitable home plan," thereby

violating Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.  (Id.

¶ 4.)  As relief, Plaintiff sought $1.2 million from each defendant.  (Id. at 2.)

On September 15, 2011, Magistrate Judge Carlson issued a Report and Recommendation,

recommending that Plaintiff's complaint be dismissed.  (Doc. No. 5.)  However, from September

20, 2011 through October 5, 2011, Plaintiff filed a number of letters with the Court, some of

which the Court construed as motions to amend.  (Doc. Nos. 6-17.)  Accordingly, the Court

granted the motion to amend, and remanded the matter to Magistrate Judge Carlson.  (Doc. No.

18.)  Thereafter, Magistrate Judge Carlson entered two orders, directing Plaintiff to file an amended complaint that stands by itself without reference to a complaint already filed.  (Doc. Nos. 20, 25.)  However, Plaintiff has yet to file an amended complaint, and has merely filed a number of letters arguing the merits of his original complaint.

## II.    STANDARD OF REVIEW

The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations.  In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1).

A court must review the complaint of a plaintiff seeking to proceed in forma pauperis prior to service of process under 28 U.S.C. § 1915(e).  If the court determines that an action fails to state a claim on which relief may be granted, dismissal of that claim is required.  28 U.S.C. § 1915(e)(2)(B) (ii); see also id. § 1915A(b)(1).  The standard of review for failure to state a claim in this context is the same as the standard governing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Grayson v. Mayview State Hosp., 293 F.3d 103, 110 (3d Cir. 2002).  Thus, dismissal is proper when the defendants are entitled to judgment as a matter of law.  See Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  To avoid dismissal, the complaint must contain allegations sufficient to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Essentially, a plaintiff must "set forth sufficient information to outline the elements of his claim or to permit

inferences to be drawn that those elements exist." <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) (quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1955 (2009)). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906, 908 (3d Cir. 1997).

## III.   DISCUSSION

On November 17, 2011, Magistrate Judge Carlson issued a Report and Recommendation, recommending that Plaintiff's complaint be dismissed for failure to comply with court orders. (Doc. No. 28.) On November 22, 2011, the Court received an objection to the Report and Recommendation from Plaintiff, asking to present new evidence that certain defendants are not entitled to qualified immunity. (Doc. No. 29.) Petitioner did not object to any other portion of the Report and Recommendation.

When a plaintiff fails to comply with court orders, Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal of the action. Prior to dismissing a case under Rule 41(b), the Court must first consider the factors articulated by the United States Court of Appeals for the Third Circuit in <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984). <u>Emerson v. Thiel Coll.</u>, 296 F.3d 184, 190 (3d Cir. 2002). The factors to balance are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. (citing Poulis, 747 F.2d at 868).  The Court has reviewed Magistrate Judge Carlson's analysis
of the Poulis factors in this case and agrees that they weigh in favor of dismissal.

First, Plaintiff is proceeding pro se, and thus is responsible for his own actions.  Plaintiff
is responsible for complying with Court orders and prosecuting his case.  Therefore, Plaintiff is
personally responsible for failing to file an amended complaint, despite clear instructions from
Magistrate Judge Carlson.  (See Doc. Nos. 20, 25.)  Thus, this factor weighs in favor of
dismissal.

Second, the Court must consider whether Plaintiff's failure to comply with court orders
has prejudiced his adversaries.  The Court lacks information that would support a finding that
Plaintiff's failure to file an amended complaint has prejudiced Defendants, other than general
delay.  In fact, Defendants have not even been served with Plaintiff's complaint.  "Generally,
prejudice includes the irretrievable loss of evidence, the inevitable dimming of witness
memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing
party."  Briscoe v. Klaus, 538 F.3d 252, 259 (3d Cir. 2008) (internal quotation marks and citation
omitted).  But "prejudice is not limited to 'irremediable' or 'irreparable' harm.  It also includes
the burden imposed by impeding a party's ability to prepare effectively a full and complete trial
strategy."  Id.  (internal citations and quotation marks omitted).  Plaintiff's failure to comply with
court orders has delayed resolution of this matter; however, nothing has been presented to the
Court to suggest that Plaintiff's delays have materially prejudiced Defendants.  See Jacobs v.
Bayha, 297 F. App'x 98, 101 (3d Cir. 2008) (finding that the district court "properly
acknowledged that the second factor should not be weighed against [the plaintiff] because of the
apparent lack of specific prejudice to the as-yet unserved defendants").  Thus, this factor does

not weigh in favor of dismissal.

The third factor – Plaintiff's history of dilatoriness – weighs in favor of dismissal. Plaintiff has failed to comply with court orders on more than one occasion.  Plaintiff's repeated failure to amend his complaint evinces a history of dilatoriness, thereby weighing in favor of dismissal of his lawsuit.  See Adams v. Trustees of N.J. Brewery Emp. Pension Fund, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as . . . consistent tardiness in complying with court orders.").

Next, the Court must determine whether Plaintiff's conduct was willful or in bad faith. Plaintiff has failed to comply with Court orders on more than one occasion; however, the Court is without sufficient information to support a finding that Plaintiff's conduct was willful or in bad faith.  Instead, perhaps Plaintiff, a pro se litigant, does not understand the meaning of the Court's orders.  Thus, this factor weighs against dismissal of Plaintiff's lawsuit.

Regarding the fifth factor, monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent, having already been granted in forma pauperis status.  The Court knows of no alternative sanction that would be effective; thus, this factor weighs in favor of dismissal of Plaintiff's lawsuit.

Finally, as to the sixth factor, "[a] claim . . . will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ." Poulis, 747 F.2d at 870.  Magistrate Judge Carlson found that this factor weighs in favor of dismissal, as Plaintiff's complaint fails to state a claim upon which relief can be granted.  The Court agrees.

First, Plaintiff alleges that Michael Ott ordered Correctional Officer Rodriguez to

relocate him from isolation, placing him into the disciplinary population, which Plaintiff alleges put him in imminent danger, because of the "situation with [his] daughter." (Doc. No. 1 ¶ 1.) This allegation does not support a claim. Prison officials may transfer inmates from one prison housing unit to another inside the prison without implicating fundamental constitutional rights, as long as they do not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1992). Plaintiff has not alleged sufficient facts to support an inference that his transfer within the prison imposed an atypical and significant hardship on him. Thus, Plaintiff's claim relating to his transfer within the prison appears to lack merit.

Second, Plaintiff alleged that Counselor Carrie Everett denied Plaintiff the ability to photocopy his legal papers and denied Plaintiff access to indigent products. (Doc. No. 1 ¶ 2.) The crux of this complaint is that Counselor Everett denied Plaintiff access to the courts. Inmates have a constitutional right to meaningful access to the courts, which requires prison authorities to provide inmates with access to law libraries, "or assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 827 (1977). However, access-to-courts claims require proof of an actual, concrete injury. See Oliver v. Fauver, 118 F.3d 175 (3d Cir. 1997) (citing Lewis v. Casey, 518 U.S. 343 (1996)). Here, Plaintiff has failed to allege actual injury resulting from Counselor Everett's act of denying Plaintiff the ability to photocopy his legal papers. On the contrary, Plaintiff has filed several motions and letters with the Court. Thus, Plaintiff's access-to-courts claim would likely fail.

Third, Plaintiff alleges that Robert Karnes is the Warden of the Lebanon County Correctional Facility, and thus is responsible for the welfare of inmates of the prison. (Doc. No.

1 ¶ 3.)  This allegation is insufficient to support a claim, as an individual government defendant in a civil rights action "must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of <u>respondeat</u> <u>superior</u>."  <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 2005).  Plaintiff has not alleged that Warden Karnes was personally involved in violating any of his constitutional rights; thus, Plaintiff's claim against Warden Karnes appears to lack merit.

Last, Plaintiff alleges that Sally Barry, Greg Cook, and James Newcomer all denied Plaintiff "a suitable home plan," thereby violating Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.  (Doc. No. 1 ¶ 4.)  Plaintiff also complained that Counselor Everett denied him help with a suitable "home plan."  (<u>Id.</u> ¶ 2.)  Plaintiff alleges that these defendants opposed his release because they consider him a menace to society.  (<u>Id.</u> ¶ 4.) However, Plaintiff's claim must fail, because "government officials performing discretionary functions generally are granted a qualified immunity and are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  <u>Wilson v. Layne</u>, 526 U.S. 603, 609 (1999) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)).  It cannot be said that these defendants' act of refusing to release Plaintiff clearly established statutory or constitutional rights.  Instead, and as Magistrate Judge Carlson noted, these defendants were merely executing their duties "by opposing the release of someone they regard as a menace to society."  (Doc. No. 28 at 20.)  Thus, these defendants are entitled to qualified immunity.

Plaintiff has requested an opportunity to present evidence that would "lift the immunity." (Doc. No. 29.)  However, in considering whether a plaintiff has stated a claim upon which relief

8

can be granted, the Court does not require plaintiffs to submit evidence.  Instead, the Court looks to the allegations in the complaint, and considers them to be true.  Based on the allegations in Plaintiff's complaint, the defendants are entitled to qualified immunity with respect to their decision not to release Plaintiff.  Accordingly, Plaintiff's Eighth Amendment claim appears to lack merit.

Considering the factual allegations of Plaintiff's complaint in the light most favorable to Plaintiff, it appears that Plaintiff's claims lack merit.  Therefore, this sixth <u>Poulis</u> factor weighs in favor of dismissal of Plaintiff's case.

In balancing the <u>Poulis</u> factors, the Third Circuit has explained that "no single <u>Poulis</u> factor is dispositive," and "not all of the <u>Poulis</u> factors need be satisfied in order to dismiss a complaint."  <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 222 (3d Cir. 2003); <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992).  There is no "magic formula" to determine how the <u>Poulis</u> factors should be balanced, and the determination is within the district court's discretion. <u>Briscoe</u>, 538 F.3d at 263.  Here, while the Court lacks sufficient information to find that Defendants were prejudiced by Plaintiff's noncompliance with Court orders, or that Plaintiff is acting either willfully or in bad faith in failing to comply with court orders, all of the other <u>Poulis</u> factors support dismissal.  Significantly, Plaintiff's complaint does not appear to contain any meritorious claims.  Thus, because Plaintiff has failed on more than one occasion to comply with court orders that he amend his complaint, and because Plaintiff's complaint appears to lack merit, dismissal is warranted under Rule 41(b).

## IV.    CONCLUSION

**ACCORDINGLY**, on this 6th  day of February 2012, finding no meritorious objections filed thereto, **IT IS HEREBY ORDERED THAT** Magistrate Judge Carlson's Report and Recommendation (Doc. No. 28) is **ADOPTED** consistent with the reasoning in this memorandum order, and Plaintiff's complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**.  The Clerk of Court is directed to close the case.

/s/ Yvette Kane_____
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania